FILED
CLERK
12:42 pm, Feb 26, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
In re:

OLYMPIA OFFICE LLC

                Debtor,

----------------------------------------------------------X
----------------------------------------------------------X
MLMT 2005-MCP1 Washington Office Properties, LLC, as assignee of Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Mortgage Pass-Through Certificates, Series 2005-MCP1 and U.S. Bank, N.A., as Successor-Trustee to LaSalle Bank N.A., as Trustee for the benefit of the Certificate Holders of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D,

                Appellant,

      -against-

OLYMPIA OFFICE LLC

                Appellee.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:16-cv-006961 (ADS)

2:16-cv-006960 (ADS)

**APPEARANCES:**

**Sheppard Mullin Richter & Hampton LLP**
*Attorneys for the Appellant*
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
     By:   Alan M. Feld, Esq.,
             Thomas Monahan, Esq., Of Counsel

1

**LaMonica Herbst & Maniscalco LLP**
*Attorneys for the Appellee*
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
  By: Joseph S. Maniscalco, Esq.,
     Jordan C. Pilevsky, Esq.,
     Jordan D. Weiss, Esq., Of Counsel

**SPATT, District Judge**:

  On December 15, 2016, MLMT 2005-MCPI Washington Office Properties, LLC (the "Appellant" or "MLMT") filed an appeal from a December 1, 2016 order (the "EDNY Bankruptcy Court Order") by the United States Bankruptcy Court, Eastern District of New York (the "EDNY Bankruptcy Court") (Trust, J.). The EDNY Bankruptcy Court Order ruled that (1) the automatic stay issued in the underlying EDNY bankruptcy proceeding applied to seven properties located in the State of Washington (the "Washington Properties"); (2) the Appellant's motion pursuant to 11 U.S.C. § 362(d) seeking entry of an order determining that the automatic stay does not apply or, in the alternative, granting relief from the automatic stay to continue with a series of motions before the United States Bankruptcy Court for the Western District of Washington (the "Washington Bankruptcy Court") is denied; (3) the Appellant may not proceed with its motions before the Washington Bankruptcy Court concerning the Washington properties; and (4) the request for a preliminary injunction filed by Olympia Office LLC is denied as moot.

  For the reasons set forth below, the EDNY Bankruptcy Court Order is vacated and this case is remanded to the EDNY Bankruptcy Court for further proceedings consistent with this order.

# I. BACKGROUND

## A. The Underlying Facts

### 1. The CDC Bankruptcy and the Washington Properties

On February 10, 2011, CDC Properties I LLC, a Delaware limited liability company ("CDC") filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code in the Washington Bankruptcy Court and was assigned case number 11-41010 (the "CDC Bankruptcy Case").

At the time of CDC's petition, it was the owner of the Washington Properties, which consist of: (1) 5000 Capital Boulevard Southeast, Tumwater, WA 98502; (2) 640 Woodland Square Loop Southeast, Lacey, WA 98503; (3) 637 Woodland Square Loop Southeast, Lacey, WA 98503; (4) 629 Woodland Square Loop Southeast, Lacey WA 98503; (5) 4565 7th Avenue Southeast, Lacey, WA 98503; (6) 645 Woodland Square Loop Southeast, Lacey, WA 98503; (7) 805 South Mission Street, Wenatchee, WA 98801; (8) 8830 25th Avenue Southwest, Seattle, WA 98106; and (9) 1620 South Pioneer Way, Moses Lake, WA 98837.

The Washington Properties were allegedly subject to Deeds of Trust with Security Agreement, Assignment of Leases and Rents and Fixture Filings (the "Deeds of Trust") as well as an Assignments of Leases and Rents and Security Deposits (the "Assignment of Rents") that resulted from a $43,257.50 loan to CDC on or about September 29, 2004. A deed of trust is "[a] deed conveying title to real property to a trustee as security until the grantor repays a loan. This type of deed resembles a mortgage." Black's Law Dictionary 502 (10th ed. 2014). Merrill Lynch Mortgage Lending, Inc. (the "Original Lender") provided the loans (the "CDC Loans") in the form of two promissory notes, Note A and Note B (together, the "Notes"). The Deeds of Trust and the Assignment of Rents for the Washington Properties were provided to the Original Lender as

security. On or about September 30, 2005, the Original Lender allegedly assigned Note A to Wells Fargo Bank N.A. ("Wells Fargo") and Note B to U.S. Bank N.A. ("U.S. Bank"). The Appellant is the assignee of both Wells Fargo and US Bank and is the holder of both Notes.

In November 2011, the Washington Bankruptcy Court confirmed CDC's plan of reorganization (the "CDC Plan"). Under the CDC Plan, the CDC Loans were allegedly restructured with the Notes, Deeds of Trust, and Assignments of Rents remaining in effect with new maturity dates and revised payment amounts. The Appellant alleges that the CDC Plan also prohibits the transfer of the Washington Properties unless the CDC Loans are fully repaid: "The Reorganized Debtor may sell or refinance the [Washington Properties], or any component thereof, at any time if the proceeds of the sale or refinance are sufficient to pay all Allowed Claims in Classes 1-5 …" CDC Plan. Allegedly, the Deeds of Trust also prohibits the transfer of the Washington Properties without the prior written consent of the Appellant.

The CDC Plan also allegedly specifically addresses the Washington Bankruptcy Court's retention of jurisdiction:

> Following the Confirmation Date, the Bankruptcy Court shall retain jurisdiction over the Reorganized Debtor and the Assets until the Plan is fully consummated and an order closing the Case is entered by the Bankruptcy Court. The Bankruptcy Court's retained jurisdiction shall give it authority to hear matters for purposes of administering the Plan, including without limitation: . . . 5. To issue orders in aid of execution of the Plan and to issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or its execution or implementation by any entity; . . . 8. To determine any disputes arising in connection with the interpretation, implementation, execution or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court; 9. To recover all Assets, wherever located.

CDC Plan. The Washington Bankruptcy Court closed the CDC Bankruptcy Case on February 15, 2012.

**2. Post CDC Bankruptcy**

Although the Appellant alleges that CDC defaulted under the CDC Plan and the Deeds of Trust, the Appellee disputes that claim. On March 11, 2016, the Appellant commenced non-judicial foreclosure proceedings involving the Washington Properties. On May 19, 2016, a Washington State court appointed JSH Properties, Inc. (the "Receiver") as the Receiver over the Washington Properties. This appointment was done at the request of the Appellant and by the commencement of a state court suit.

The non-judicial foreclosure sale of the Washington Properties was scheduled for October 21, 2016. Three days prior to the scheduled sale, Wells Fargo and U.S. Bank assigned the CDC Loans to the Appellant.

**3. The Purchase of the Washington Properties**

On September 23, 2016, Olympia Office LLC ("Olympia"), WA Portfolio LLC ("WA Portfolio"), Mariners Portfolio LLC ("Mariners"), and Seahawk Portfolio LLC ("Seahawk) (together, the "Debtors") purchased the Washington Properties from CDC by deeds (the "Transfer"). The Debtors acquired the Washington Properties as tenants in common, with Olympia, WA Portfolio and Seahawk each owning 30% and Mariners owning 10%. The Debtors purchased the Washington Properties for $100,000 in total. The Appellant vociferously disputes the validity of the Transfer.

**B. The Procedural History**

On October 20, 2016, Olympia filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the EDNY Bankruptcy Court. At that time, Olympia had no employees and its bankruptcy schedules listed only give unsecured creditors with scheduled claims of $120,500.

On November 3, 2016, Olympia, the Appellant, and the Receiver, executed a stipulation authorizing the Receiver to continue to possess and maintain the Washington Properties. The Appellee alleges that the Appellant agreed in that stipulation that the EDNY Bankruptcy Court would have jurisdiction over the sale of the Washington Properties.

On November 10, 2016, MLMT filed a motion in the Washington Bankruptcy Court to reopen the CDC Bankruptcy Case as well as a motion seeking to enforce the CDC Plan (together, the "Washington Motions"). The latter motion also asked the Washington Bankruptcy Court to declare that the Transfer of the Washington Properties was void and affirm that the Washington Properties are property of CDC's bankruptcy estate, rather than Olympia's bankruptcy estate.

On November 16, 2016, in response to what Olympia viewed as a violation of the EDNY Bankruptcy Court's automatic stay, Olympia commenced an adversary proceeding in the EDNY Bankruptcy Court, Case No. 16-08167, seeking a temporary restraining order ("TRO") and preliminary injunction ("PI") against MLMT, barring it from proceeding with the Washington Motions in the CDC Bankruptcy Case.

The following day, MLMT filed its opposition to the TRO and PI and filed its own motion, asking the EDNY Bankruptcy Court to rule that the automatic stay does not apply to the Washington Motions, or, in the alternative, for relief from the automatic stay.

On November 28, 2016, WA Portfolio, Seahawk, and Mariners filed voluntary chapter 11 petitions for relief in the EDNY Bankruptcy Court.

An injunction hearing was held both on November 21, 2016, and November 29, 2016. As stated above, Judge Trust issued the EDNY Bankruptcy Court Order on December 1, 2016. The EDNY Bankruptcy Court Order ruled that (1) the automatic stay issued in the underlying bankruptcy proceeding applied to the "Washington Properties; (2) the Appellant's motion pursuant

6

to 11 U.S.C. § 362(d) seeking entry of an order determining that the automatic stay does not apply or, in the alternative, granting relief from the automatic stay to continue with a series of motions before the Washington Bankruptcy Court is denied; (3) the Appellant may not proceed with its motions before the Washington Bankruptcy Court concerning the Washington properties; and (4) the PI filed by Olympia was denied as moot.

In response to the Appellant's brief in the instant appeal, the Debtors filed a motion to strike, seeking to eliminate the portions of the Appellant's brief that allegedly contained references to items outside the record. Specifically, the Debtors alleged that the Appellant's brief included a letter, two hearing transcripts, as well as post-appeal discovery allegations that were not included in the record before the EDNY Bankruptcy Court.

## II. DISCUSSION

### A. Standard of Review

The Court has jurisdiction to hear an appeal from a decision of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals … from final judgments, orders, and decrees; … [and,] with leave of the court, from other interlocutory orders and decrees … of bankruptcy judges." 28 U.S.C. § 158(a). An appeal seeking relief from a stay issued by a bankruptcy court is a final order, appealable to a district court. *See In re Quigley Co.*, 676 F.3d 45, 51 (2d Cir. 2012). "On appeal … a district court 'may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" *Verna v. U.S. Bank Nat'l Ass'n*, No. 15–cv–1127, 2016 WL 5107115, at *2 (N.D.N.Y. Sept. 20, 2016) (citing former FED. R. BANKR. P. 8013); *accord W. In re Great Atl. & Pac. Tea Co.*, No. 14–cv–4170, 2015 WL 6395967, at *2 (S.D.N.Y. Oct. 21, 2015).

7

When reviewing a bankruptcy court's decision, its "factual findings will be upheld unless clearly erroneous, and its legal conclusions are reviewed de novo." *In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007); *see also In re Overbaugh*, 559 F.3d 125, 129 (2d Cir. 2009) ("We review the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*." (internal citations omitted)); *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999) (ruling that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*"); *In re Enron Corp.*, 307 B.R. 372, 378 (S.D.N.Y. 2004) ("A bankruptcy court's conclusions of law are reviewed *de novo* and its findings of fact for clear error."). "Mixed questions of law and fact are reviewed 'either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual.'" *In re Grubb & Ellis Co.*, 523 B.R. 423, 437 (S.D.N.Y. 2014) (quoting *Italian Colors Rest. v. Am. Exp. Travel Related Servs. Co.*, 554 F.3d 300, 316 n. 11 (2d Cir. 2009), *vacated on other grounds by*, *Am. Exp. Co. v. Italian Colors Rest.*, 559 U.S. 1103, 130 S. Ct. 2401, 176 L. Ed. 2d 920 (2010)).

**B. Evidence Outside the Record**

The Appellant asserts that the Washington Bankruptcy Court, subsequent to the EDNY Bankruptcy Order, entered an order reopening the CDC Bankruptcy Case. FED. R. BANK. P. 8006 provides that "[t]he record in appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree applied from, and any opinion, findings of fact, and conclusions of law of the court." *Id*. The Court notes that generally, a district court may not consider evidence outside the record. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008).

However, a court may take judicial notice of a document filed in another court to establish the fact of such a document, but cannot take judicial notice of the factual findings of another court. *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (internal citations omitted)).

Thus, the Court, in its discretion, will take judicial notice of the existence of an order issued by the Washington Bankruptcy Court reopening the CDC Bankruptcy Case. The Court declines to address the Debtors' motion to strike, as the Court did not review Exhibits A, B, or C to the Appellant's brief nor the purported evidence on page 9 of the Appellant's brief that was obtained in subsequent discovery. As such, the motion is moot.

**C. As to the Interpretation of the CDC Plan**

The Appellant argues that the EDNY Bankruptcy Court erred in its determination that the Washington Properties are property of Olympia's bankruptcy estate. Such a decision, it claims, is reserved for the Washington Bankruptcy Court, who expressly retained jurisdiction over the Washington Properties in the CDC Plan. The Appellee counters that the EDNY Bankruptcy Court had exclusive jurisdiction to determine whether the Washington Properties were part of Olympia's bankruptcy estate. At issue is whether the EDNY Bankruptcy Court or the Washington Bankruptcy Court had jurisdiction to determine the status of the Washington Properties.

Federal bankruptcy courts have limited subject matter jurisdiction. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995). 28 U.S.C. § 1334 limits jurisdiction of bankruptcy courts over proceedings arising in a bankruptcy case or arising under bankruptcy law, as well as those that relate to a bankruptcy case. The former is referred to as a

core proceeding, the latter as a non-core proceeding. *In re Masterwear Corp.*, 241 B.R. 511, 515 (Bankr. S.D.N.Y. 1999).

"[I]n accordance with 11 U.S.C. § 1141(b), a chapter 11 plan and order confirming the plan may specifically provide for the retention of jurisdiction by the bankruptcy court over actions pending at the time of confirmation and actions commenced after the time of confirmation, and over any assets recovered as a result of these actions." *In re Neptune World Wide Moving, Inc.*, 111 B.R. 457, 462-64 (Bankr. S.D.N.Y. 1990). 11 U.S.C. § 1142, which grants the bankruptcy courts post-confirmation jurisdiction for the purpose of implementing the bankruptcy plan, states, in pertinent part:

> The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

11 U.S.C. § 1142(b).

"A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization." *In re Millennium Seacarriers, Inc.*, 419 F.3d 83, 96 (2d Cir. 2005) (internal citations and quotation marks omitted). However, "once confirmation [of the bankruptcy plan] occurs, the bankruptcy court's jurisdiction shrinks." *In re General Media*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005); *see also Guccione v. Bell*, No. 06-cv-492, 2006 WL 2032641, at *4 (S.D.N.Y. July 20, 2006) ("Courts generally agree that federal jurisdiction pursuant to section 1334 shrinks once plan confirmation has occurred.").

In the instant case, the Washington Bankruptcy Court carved-out numerous express and unequivocal retentions of jurisdiction in the CDC Plan. These provisions give the Washington Bankruptcy Court the authority:

> to hear matters for purposes of administering the [CDC] Plan, including without limitation: … 5. To issue orders in aid of execution of the Plan and to issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or its execution or implementation by any entity; . . . 8. To determine any disputes arising in connection with the interpretation, implementation, execution or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court; 9. To recover all Assets, wherever located.

CDC Plan, Section XIV. The CDC Plan specifies that the Washington Bankruptcy Court shall retain jurisdiction over the assets under the CDC Plan after the Plan is confirmed. *Id*.

In the Second Circuit, district courts typically conduct a two-part inquiry to determine if a bankruptcy court has post-confirmation jurisdiction. "First, the matter must have a 'close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan or incorporated litigation trust agreement.' … Second, the plan must provide for the retention of jurisdiction over the dispute." *In re General Media*, 335 B.R. at 73-74 (internal citations omitted); *see also In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002); *In re Metro-Goldwyn-Mayer Studios Inc.*, 459 B.R. 550, 556 (Bankr. S.D.N.Y. 2011).

As to the first prong, the preliminary issue of the EDNY Bankruptcy Court Order, namely, whether the Washington Properties were transferred in violation of the CDC Plan has a close nexus to the CDC Plan because it implicates the CDC Plan itself. *See Ace Am. Ins. Co. v. DPH Holdings Corp.*, 448 F. App'x 134, 137 (2d Cir. 2011) ("A party can invoke the authority of the bankruptcy court to exercise post confirmation jurisdiction if the matter has a close nexus to the bankruptcy plan.") (summary order), *cert denied*, 567 U.S. 935 (2012); *see also In re Spiegel Inc.*, No. 03-11540, 2006 WL 2577825, at *7 (Bankr. S.D.N.Y. Aug. 16, 2006) ("A Bankruptcy Court also has inherent or ancillary jurisdiction to interpret and enforce its own orders … wholly independent of the statutory grant of jurisdiction under 28 U.S.C. § 1334.").

The Appellant alleges that the Transfer of the Washington Properties was improper, in direct violation of the CDC Plan and the Deeds of Trust, and borderline fraudulent. To determine the validity of the Transfer, the examining court must review and interpret multiple documents from the CDC Bankruptcy Case, including the CDC Plan. Moreover, the Washington Properties, were among CDC's most valuable assets. Deciding the rightful owners of the Washington Properties "strike[s] at the heart of the [CDC] liquidation plan." *Savoy Senior Hous. Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 597 (S.D.N.Y. 2009). This question is inextricably entangled with the CDC Bankruptcy Case.

As to the second factor, the text of the CDC Plan, as reproduced in Section I.A.1., stipulates that the Washington Bankruptcy Court intended to retain post-confirmation jurisdiction as to the status of the Washington Properties. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009) ("[W]hen the Bankruptcy Court issued the … [o]rders it explicitly retained jurisdiction to enforce its injunctions.").

The Appellee argues that the CDC Bankruptcy Case was closed, and therefore the Washington Bankruptcy Court lacked subject matter jurisdiction. As the CDC Bankruptcy Case has been reopened since December 14, 2016, that argument has been mooted. However, even if the case had not been reopened, the Appellee's argument fails. While the Appellee is correct that when a bankruptcy case is closed, the estate no longer exists, "'[i]t is … well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.'" *Gulf Ins. Co. v. Glasbrenner*, 343 B.R. 47, 56 (S.D.N.Y. 2006) (citing *In re Williams*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) (internal citations omitted)); *accord In re 2300 Xtra Wholesalers, Inc.*, Nos. 10-cv-7292, 10-cv-7293, 10-12280, 10-12915, 2011 WL 672353, at *2 (S.D.N.Y. Feb. 4, 2011) ("Bankruptcy courts retain jurisdiction to interpret

and enforce previously entered orders in a variety of circumstances, even after a case has been dismissed or closed." (internal citations omitted)).

Moreover, the Appellant moved to have the CDC Bankruptcy Case reopened for cause presumably under 11 U.S.C. § 350(b) and/or Bankruptcy Rule 5010. The effect of reopening a bankruptcy case is to put the bankrupt estate back into the process of administration. Given the nexus of the dispute, and the retention of jurisdiction even after closing, the reopening of the Washington Bankruptcy Case enhances the Appellant's claim that the Washington Bankruptcy Court retains jurisdiction as to this issue.

The Appellee further claims that the Appellant's actions violate the automatic stay in the EDNY Bankruptcy Case. Under the provisions of 11 U.S.C. § 541(a), the creation of a bankruptcy estate is caused by the filing of a bankruptcy petition. Such an estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Without a ruling from the Washington Bankruptcy Court, which expressly retained jurisdiction as to whether or not the Washington Properties were properly transferred, it cannot be determined whether Washington Properties were Olympia's assets at the time of the filing of Olympia's bankruptcy petition. *See Gulf Ins.*, 343 B.R. at 56 ("Clearly the [Washington] bankruptcy court is uniquely qualified to determine whether to vacate or enforce orders it previously issued in the underlying bankruptcy case, over which it had unquestioned jurisdiction."). For the Washington Properties to become part of the estate, the Washington Bankruptcy Court must first rule. Without such a ruling, the Appellant's actions do not violate the stay.

Finally, the Appellee argues that the parties "affirmatively consented" to the EDNY Bankruptcy Court's jurisdiction over the Washington Properties. This is irrelevant. "Where jurisdiction is absent, the parties cannot confer it by agreement among themselves." *Allendale*

13

*Mut. Ins. Co. v. Excess Ins. Co.*, 62 F. Supp. 2d 1116, 1120 (S.D.N.Y. 1999) (citing *Republic of Philippines v. Marcos*, 806 F.2d 344 (2d Cir. 1986)); *see also SPV Osus Ltd. v. UBS AG*, –F.3d–, No. 16-2173, 2018 WL 798291, at *9 (2d Cir. Feb. 9, 2018) ("Parties cannot stipulate to subject-matter jurisdiction.").

Therefore, the EDNY Bankruptcy Court Order is vacated to permit the Appellant to move for the Washington Bankruptcy Court to determine the validity of the Transfer.

### III.  CONCLUSION

For the foregoing reasons, it is hereby ordered that the EDNY Bankruptcy Court Order is vacated pending a decision on the Transfer by the Washington Bankruptcy Court.

The Court respectfully directs the Clerk of the Court to terminate Olympia's Motion to Strike.

The Clerk of the Court is directed to close this case.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 26, 2018

__/s/ Arthur D. Spatt__

ARTHUR D. SPATT

United States District Judge